1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   JOHN C. TAYLOR,

CASE NO. 11 CV 1472 MMA (BGS)

12                                        Plaintiff,

**ORDER GRANTING KROHN & MOSS, LTD.'S MOTION TO WITHDRAW AS COUNSEL OF RECORD**

13        vs.

14

15   NATIONWIDE CREDIT INC.,

[Doc. No. 7]

16                                        Defendant.

17

18        Currently pending before the Court is Krohn & Moss, Ltd.'s motion to be relieved as

19   counsel of record for Plaintiff John C. Taylor, pursuant to Civil Local Rule 83.3(g)(3).  [Doc. No.

20   7.]  The motion was set for hearing on December 19, 2011.  On December 7, with no objections

21   filed, the Court deemed the motion suitable for decision on the papers and without oral argument

22   pursuant to Civil Local Rule 7.1(d)(1).  [Doc. No. 14.]  For the reasons stated below, the Court

23   **GRANTS** Krohn & Moss, Ltd.'s motion to withdraw as counsel.

24                                        <u>DISCUSSION</u>

25        On July 5, 2011, Plaintiff filed the pending action against Defendant Nationwide Credit

26   Inc., alleging violations of the Fair Debt Collection Practices Act and California's Rosenthal Fair

27   Debt Collection Practices Act.  [Doc. No. 1.]  Defendant answered on October 12, 2011.  [Doc.

28   No. 4.]  The Magistrate Judge then set an Early Neutral Evaluation ("ENE") for November 16,

1   2011.  [Doc. No. 6.]  Prior to the ENE, Plaintiff's counsel of record, Krohn & Moss filed the

2   present motion to withdraw as counsel.  [Doc. No. 7.]  Plaintiff's counsel was present at the

3   November 16 ENE, but John C. Taylor failed to appear as instructed by the Court.  [Doc. No. 8.]

4   The Magistrate Judge issued an order to show cause why Taylor should not be sanctioned for his

5   failure to appear.  [Doc. No. 9.]  Plaintiff's counsel requested that Taylor be allowed to appear

6   telephonically at the order to show cause hearing.  [Doc. No. 11.]  The Magistrate Judge granted

7   Plaintiff's request, however, Taylor again failed to appear.  [Doc. Nos. 12-13.]

8           Krohn & Moss, Ltd.'s pending motion to withdraw as counsel is based on attorney

9   Mahadhi Corzano's representation that there has been a breakdown in the attorney-client

10  relationship with Plaintiff.  [Doc. No. 7, p.3.]  Specifically, counsel indicates he "has been unable

11  to speak with or otherwise communicate with Plaintiff despite repeated attempts," and

12  "irreconcilable differences have developed between Counsel and Plaintiff, which make it

13  impossible for Counsel to effectively represent Plaintiff in this action."  [*Id.*]  Before filing,

14  counsel informed his client that he intended to file the pending motion.  [*Id.* at p.4.]  On November

15  14, counsel served a copy of the filed motion on Plaintiff at his address in Escondido.  [*Id.* at p.5.]

16  To date, the Court has received no objection from Plaintiff.

17          Upon due consideration, and following a review of the record in this matter, the Court

18  concludes Krohn & Moss, Ltd. has shown good cause to be relieved as counsel of record for

19  Plaintiff John C. Taylor.  Taylor has demonstrated a lack of interest in litigating chis case,

20  evidenced by his total disregard for the Court's orders instructing him to personally appear at the

21  scheduled ENE and order to show cause hearing.  In addition, Taylor has been given ample notice

22  of his counsel's desire to terminate their attorney-client relationship, and to date, Taylor has not

23  filed an objection to his counsel's request to withdraw.  Finally, the Court notes that this matter

24  remains in its early stages, as no scheduling order has issued.

25

26

27  / / /

28  / / /

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Krohn & Moss, Ltd.'s motion to withdraw as Plaintiff's counsel of record, and **ORDERS** as follows:

(1)     If John C. Taylor desires to pursue this action, within **thirty (30) days** from the date of this Order, he must either: (i) retain new counsel and have his new counsel file a notice of appearance with the Court, or (ii) he must file a notice of intent to proceed pro se.

(2)     Plaintiff is advised that if he does not provide the Court with the required notice within the time permitted, the Court will dismiss his action without further notice.

(3)     The Clerk of Court is instructed to terminate Krohn & Moss, Ltd. as Plaintiff's counsel of record.

**IT IS SO ORDERED.**

DATED:  December 9, 2011

Hon. Michael M. Anello
United States District Judge

11cv1472